UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASIR MEHMOOD, | No. 2:15-cv-1695 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL CHAVEZ, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a federal pretrial detainee proceeding pro se with a complaint pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On September 22, 2015, the undersigned recommended dismissal of this action due to plaintiff's failure to file a complete application to proceed in forma pauperis.  (ECF No. 5.)  In his objections to the findings and recommendations, plaintiff filed a complete application.  (ECF No. 6.)  Thus the court will vacate its earlier recommendation of dismissal.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

1

initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Analysis

Plaintiff names numerous defendants at the federal, state, and local level, including, e.g., President Obama, the Mayor of Sacramento, the Governor of California, and federal postal officials. (ECF. No. 1.) His 100-page complaint concerns events between his March 2013 arrest on a federal warrant through January 2015, when he requested the return of certain seized property in his federal criminal case. (ECF No. 1 at 13 -16.) In addition to damages for alleged violations of his federal Constitutional rights, plaintiff seeks the "recovery of . . . missing items" seized by federal agents on March 9, 2013. These include a 2003 Dodge Caravan, jewelry, Saudi Arabian currency, electronics, and bitcoins. (ECF No. 1 at 93-95.)

A review of court records shows that a similar action by plaintiff was dismissed on November 21, 2013. In Mehmood v. Chavez, 2:13-cv-2324 AC P (E.D. Cal.) ("Chavez I"), the magistrate judge wrote that plaintiff

> seeks return of his 2003 Dodge Caravan and its contents that were seized from him by a United States Postal Inspection Service (USPIS) officer on March 9, 2013 when he was arrested on a warrant for violating the terms of his federal pretrial release.
>
> A review of court records reveals Mr. Mehmood is a defendant in 2:12-cr-0154 JAM. It also appears that, by way of criminal indictment filed in 2:12-cv-0154 JAM, the United States is seeking forfeiture of "any property constituting or derived from proceeds obtained directly or indirectly as a result of the said [criminal] violations." See ECF No. 107 at 10 in 2:12-cr-0154 JAM. That being said, any issue Mr. Mehmood might have with the forfeiture of the property at issue must be raised in his criminal case. Furthermore, the civil action commenced in this court by Mr. Mehmood is not the appropriate method for challenging asset forfeiture under United States law. See 18 U.S.C. § 989; 39 C.F.R. § 233.9.

(Chavez I, ECF No. 5.)[1]

To the extent the instant complaint is duplicative of the action in Chavez I, it must be dismissed. Plaintiff will be granted one opportunity to file an amended complaint.

---

[1] Plaintiff consented to the magistrate judge's jurisdiction to conduct all proceedings in Chavez I.

As to plaintiff's remaining allegations against a variety of institutional and individual defendants, the complaint attempts to bring numerous unrelated claims in a single action. Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]"  Id.

Moreover, prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409 (1976).

Finally, supervisory personnel are generally not liable under §1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).

IV.  Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The September 22, 2015 findings and recommendations (ECF No. 5) are vacated;

2. Plaintiff's request for leave to proceed in forma pauperis is granted;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Warden of the Nevada Southern Detention Center filed concurrently herewith;

4. Plaintiff's complaint is dismissed; and

5. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: October 26, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / mehm1694.14.new